IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY WARREN, #1334008,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | 3:08-CV-1228-N |
| | ) | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | )<br>)<br>)<br>) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is currently confined at the Huntsville Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. The court did not issue process in this case pending preliminary screening. On August 7, 2008, the magistrate judge issued a questionnaire to Petitioner, who filed his answers thereto on August 19, 2008.

Statement of the Case: In 1986 Petitioner was convicted for the offense of aggravated sexual assault of a child in the 195th Judicial District Court of Dallas County, Texas, in Cause No. F86-83863. Punishment was assessed at twenty years imprisonment. (Petition (Pet.) at 2).

On January 16, 2005, a jury convicted Petitioner for the offense of burglary of a habitation in Criminal District Court No. 5 of Dallas County, in Cause No. F05-48406-WL, and assessed punishment at thirty-five years imprisonment, for which he is presently incarcerated within TDCJ-CID. *See* Answer to Question 1 of the Magistrate Judge's Questionnaire; TDCJ Offender Information Detail, http://168.51.178.33/webapp/TDCJ/InmateDetails.jsp?sidnumber= 03633938.[1]

In the present petition, filed on July 18, 2008, Petitioner challenges his 1986 conviction for aggravated sexual assault. He alleges as follows: (1) the trial court refused to acknowledge a recantation statement by the state's primary witness; (2) the prosecutor's office engaged in prosecutorial misconduct when it continued to permit "the false evidence to go uncorrected;" (3) the evidence is legally and factually insufficient to sustain Petitioner's conviction for aggravated sexual assault; and (4) counsel rendered ineffective assistance. (Pet. at 7).

<u>Findings and Conclusions</u>: The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

A federal court may consider a writ of habeas corpus only "in behalf of a person in custody pursuant to the judgment of a State court . . . ." 28 U.S.C. § 2254(a).

---

[1] In answer to the questionnaire, Petitioner states that he is presently serving time on two convictions for burglary of a habitation, Nos. F96-43171 and F05-48406. *See* Answer to Question 1. However, the TDCJ Offender Information Detail shows him to be serving time only on his 2005 conviction. This inconsistency is irrelevant to the dispositive issue in this case.

Presently Petitioner is not incarcerated on the basis of his twenty-year sentence for aggravated sexual assault in No. F86-83863-RN. He states as much in answer to the questionnaire, where he concedes his 1986 sentence has been fully served. *See* Answer to Question 2. The TDCJ Offender Information Detail reflects Petitioner is presently confined on the basis of his burglary of habitation conviction in No. F05-48406. See http://168.51.178.33/webapp/TDCJ/ InmateDetails.jsp?sidnumber=03633938. As a result, he cannot bring a federal habeas action based solely on his conviction in No. F86-83863-RN. *See Maleng v. Cook*, 490 U.S. 488, 493, 109 S. Ct. 1923 (1989) (holding that a petitioner is not "in custody" for purposes of federal habeas corpus statute once his sentence has fully expired).

In *Maleng*, 490 U.S. at 493-94, 109 S. Ct. 1923, and in *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401-02, 121 S. Ct. 1567 (2001), the Supreme Court acknowledged that a habeas petitioner can satisfy the § 2254's "in custody" requirement when he attacks an expired conviction used to enhance his current sentence if his § 2254 petition can be construed as asserting a challenge on his current conviction. *See also Godfrey v. Dretke*, 396 F.3d 681, 684 (5th Cir. 2005).

A court faced with the above scenario must determine two separate issues: (1) whether the petitioner can satisfy the "in custody" requirement, and (2) whether the petitioner can state a cognizable claim. *Godfrey*, 396 F.3d at 684 n.3. With respect to the latter, *Coss* concluded that attacks on expired convictions used to enhance a sentence generally do not state a cognizable legal claim. *Coss*, 532 U.S. at 402, 121 S. Ct. 1567. The only exception recognized is "where the conviction 'was obtained [because of] a failure to appoint counsel in violation of the Sixth

Amendment,' as set for in *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792(1963)." *Godfrey*, 396 F.3d at 685 (quoting *Coss*, 532 U.S. at 404, 121 S. Ct 1567).

In answer to the questionnaire, Petitioner alleges that his 1986 conviction (No. F86-83863) was alleged as a prior conviction in the enhancement paragraph of the indictment in his current conviction (No. F05-48406). *See* Answer to Question 3. He states, however, that the jury found the enhancement paragraph to be "untrue," *see id.*, which would defeat the "in custody" requirement altogether.

Assuming *arguendo* that Petitioner could satisfy the "in custody" requirement, none of the claims raised in his federal petition allege facts sufficient to raise a *Gideon* claim with respect to his 1986 conviction (No. F86-83863). His pleadings reflect that he was represented by counsel during the 1986 criminal proceedings. Therefore, the court lacks subject matter jurisdiction to determine the legality of Petitioner's 1986 conviction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition be DISMISSED for want of jurisdiction.

A copy of this recommendation will be transmitted to Petitioner.

Signed this 9th day of September, 2008.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir.

1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.