IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ANTHONY WARREN, #1334008,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | 3:08-CV-1228-N |
| | ) | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | )<br>)<br>)<br>) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court filed on November 6, 2008, Defendant's motion for new trial or for amendment of judgment filed on November 5, 2008, has been referred to the United States Magistrate Judge for recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On October 24, 2008, the District Court accepted, over Petitioner's objections, the findings, conclusions and recommendation of the magistrate judge, and dismissed the habeas corpus petition for want of jurisdiction for failure to satisfy the in custody requirement. On November 5, 2008, Petitioner filed his motion for new trial or to amend the judgment.

Graham mailed his motion within ten days after entry of judgment. As such, the court considers it filed under Rule 59(e), Federal Rules of Civil Procedure. *See Simmons v. Reliance Standard Life Ins. Co. of Tex.*, 310 F.3d 865, 867 (5th Cir. 2002) (Rule 59(e) mot. filed within ten days of judgment renders underlying judgment nonfinal; it also tolls the running of the time for appeal pending its disposition); Fed. R. App. P. 4(a)(4) (providing in part that if a party timely files in the district court a motion to alter or amend the judgment under Rule 59, Federal

Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the same).[1]

There are four general grounds on which a court may alter or amend a final judgment: (1) new evidence has become available; (2) it is necessary to correct manifest errors of law or fact upon which the judgment is based; (3) it is necessary to prevent manifest injustice; or (4) the existence of an intervening change in the controlling law. *See, e.g., In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002); *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at *2 (E.D. La. 2002). A party may not use a Rule 59(e) motion to relitigate issues that "should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." *Peterson*, 2002 WL 1268404, at *2. It is within the court's discretion to reopen a case under Rule 59(e). *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000).

Petitioner fails to make the requisite showing under Rule 59(e). Moreover, his motion is nothing more than an attempt to relitigate issues previously resolved. Nevertheless, Petitioner's assertion that he continues to suffer from collateral consequences as a result of his 1986 conviction (No. F86-83863) does not alter the fact that at the time of filing his federal petition he was no longer in custody on the 1986 conviction. His answers to the questionnaire confirm that the maximum expiration date on his 1986 conviction was June 13, 2006, over two years *before* he filed the petition in this case. (*See* Answer to Question 2). Petitioner incorrectly relies on *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998), where the petitioner satisfied the "in custody" requirement because he was released from prison *after* he had filed his federal petition. As a matter of fact, the Supreme Court in *Kemna* bypassed the "in custody" issue

---

[1] Petitioner's reliance on Rule 59(a) and Rule 60(b) (*see* Mot. at 1) is wholly unsupported and patently frivolous, and should be denied.

altogether (which is satisfied as long as a petitioner is incarcerated at the time a petition is filed), and proceeded to analyze whether the petitioner's subsequent release from confinement caused his petition to become moot because it no longer presented a case or controversy. *Id.* 523 U.S. at 7-8, 118 S. Ct. at 983.

Insofar as Petitioner complains about his current classification and the restrictions he faces on a daily basis (i.e., denial of educational, on-the-job training, and parole related opportunities), his claims appear related to the sentence he is currently serving. Therefore, they would be more appropriately addressed in connection with his current period of confinement.

RECOMMENDATION:

For the foregoing reasons, Petitioner's motion for new trial or for amendment of judgment should be DENIED.

Signed this 10th day of November, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.